UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4233 PSG (JWJx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. TMZ Productions, Inc., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order on Plaintiff's Ex Parte Application for a Temporary Restraining Order

    Before this Court is Verne Troyer's ("Plaintiff's") ex parte application for a temporary restraining order ("TRO"). Plaintiff alleges that Defendants TMZ Productions, Inc., Sugar DVD, and Kevin Blatt have threatened to reproduce and distribute copies of a misappropriated videotape ("Video") of Plaintiff and Plaintiff's former lover engaged in private sexual activity. Because of Defendants' alleged activities, Plaintiff asks for a TRO to prevent Defendants from distributing the Video, among other things.

    However, Plaintiff has failed to meet the requirements under Federal Rule of Civil Procedure ("FRCP") 65 for the filing of an application for a TRO. FRCP 65(b)(1) establishes that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-4233 PSG (JWJx) | Date | June 26, 2008 |
|---|---|---|---|
| Title | Verne Troyer v. TMZ Productions, Inc., et al. | | |

Fed. R. Civ. P. 65(b)(1). Here, Plaintiff has not met the requirements of FRCP 65(b)(1)(B) because Plaintiff's attorney has not certified in writing any efforts made to give notice to Defendants of the application for a TRO and the reasons why notice should not be required. Thus, the Court DENIES Plaintiff's ex parte application for a TRO.

   **IT IS SO ORDERED.**